DISCIPLINARY COUNSEL *v*. MUNTEAN.

[Cite as *Disciplinary Counsel v. Muntean*,

127 Ohio St.3d 427, 2010-Ohio-6133.]

*Attorneys at law — Misconduct — Conduct adversely reflecting on the lawyer's*
*honesty or trustworthiness — Conduct adversely reflecting on the lawyer's*
*fitness to practice law — Conduct involving dishonesty, fraud, deceit, or*
*misrepresentation — Indefinite suspension.*

(No. 2010-1463 — Submitted September 28, 2010 — Decided
December 20, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 09-094.

_____

**Per Curiam**.

{¶ 1} Respondent, Christopher Peter Muntean of Akron, Ohio, Attorney Registration No. 0077343, was admitted to the practice of law in Ohio in 2004. In May 2009, respondent met with law-enforcement officials who were investigating the disappearance of money from bank accounts that respondent maintained as treasurer of the Summit County Court Appointed Special Advocates ("CASA") board. On the same day, respondent wrote to relator, Disciplinary Counsel, to report an ethical violation in regard to that matter.

{¶ 2} In October 2009, respondent pleaded guilty to grand theft, a fourth-degree felony. As a result of the conviction, relator initiated a disciplinary complaint, and we imposed an interim felony suspension from the practice of law on respondent effective January 8, 2010. 124 Ohio St.3d 1422, 2010-Ohio-20, 919 N.E.2d 746.

**{¶ 3}** In June 2010, a panel of the Board of Commissioners on Grievances and Discipline considered the cause. In addition to the extensive stipulations by the parties, the panel also considered testimony from respondent. The panel submitted its findings to the board, which issued a report containing findings of fact, conclusions of law, and a recommended sanction.

**{¶ 4}** The board found that respondent had violated Prof.Cond.R. 8.4(b) (a lawyer shall not commit any illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). The board recommended that respondent be indefinitely suspended from the practice of law in Ohio, with the suspension to begin on January 8, 2010, the date respondent's interim felony suspension became effective. Upon review, we adopt the board's report in its entirety.

### Misconduct

**{¶ 5}** The stipulated facts state that respondent became treasurer of the CASA board in January 2008. As treasurer, only respondent could sign CASA checks and use the CASA board's debit card. In September 2008, respondent began using CASA funds for his personal expenses, and within a few months, he had converted nearly $50,000 for his own use. Respondent tried to hide his activities from fellow board members by ignoring their repeated requests for CASA's financial records. When those records were obtained by other means, respondent's theft was discovered. A Summit County grand jury indicted him on one count of grand theft in violation of R.C. 2913.02(A)(2) and (3). Respondent pleaded guilty to that charge and was sentenced to six months' incarceration, which was suspended on several conditions, including making full restitution to CASA.

**{¶ 6}** The parties stipulated that respondent's conduct violated Prof.Cond.R. 8.4(b), (c), and (h). The parties also stipulated to three aggravating and three mitigating factors enumerated in Section 10(B) of the Rules and Regulations Governing Procedures on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board found as aggravating factors a selfish or dishonest motive, a pattern of misconduct, and the presence of multiple offenses. BCGD Proc.Reg. 10(B)(1)(b), (c), and (d). In mitigation, the board found that respondent had made full restitution to CASA. BCGD Proc.Reg. 10(B)(2)(c). The board also found that respondent had no prior disciplinary record and had cooperated with the disciplinary process. BCGD Proc.Reg. 10(B)(2)(a) and (d).

**{¶ 7}** At the hearing, respondent confirmed that he had declared bankruptcy in 2004 and had always had difficulty managing his money. He stated that his law practice had never been lucrative and that he had used the CASA funds to acquire personal goods that he hoped would impress family and friends and mislead them into thinking that he was doing better financially than was actually the case. The evidence clearly established that respondent accepted full responsibility for his actions, appreciated the wrongfulness of his conduct, and expressed remorse for it.

**{¶ 8}** In its report, the board commented favorably on respondent's "self-awareness and commitment to move forward." It noted that respondent had been diagnosed with mild depression and was conscientious in adhering to his counseling and medication regime. The board also observed that respondent was employed and that he had been released early from community control and was no longer under a court-ordered sanction.

**{¶ 9}** The board also concluded that this case presented significant mitigating circumstances and expressed its belief that respondent was capable of one day returning to the competent and ethical practice of law. It accordingly

recommended that respondent be indefinitely suspended from the practice of law rather than permanently disbarred.

**Sanction**

{¶ 10} We agree with the board's recommendation. Unquestionably, respondent violated the public trust by stealing funds from an organization that provides services for the most vulnerable members of the community.

{¶ 11} In imposing an indefinite suspension, we are guided by our decision in *Disciplinary Counsel v. Kelly*, 121 Ohio St.3d 39, 2009-Ohio-317, 901 N.E.2d 798. There, we considered the matter of an attorney who, as here, misappropriated a large amount of money from a charity on whose board she served. That attorney had no prior disciplinary record, made full restitution, acknowledged her wrongdoing, and fully cooperated in the disciplinary process. In addition, she was engaged in other charitable pursuits and was well respected in the legal community. Viewing those facts in their totality, we felt that the attorney "may be able to recover her ethical orientation and serve in a professional capacity" at some point in the future. *Kelly,* at ¶ 18.

{¶ 12} Respondent shares many of the same characteristics. He has made complete restitution and fully understands the gravity of his misconduct. Respondent immediately reported his violation and is taking active measures to address the underlying issues that may have precipitated his actions. Respondent was very well perceived within the legal community, and the sentencing judge described him as in the midst of a "brilliant career." As in *Kelly*, we believe that respondent may eventually be able to establish the ability to practice law both competently and ethically, and we decline to permanently foreclose that opportunity.

{¶ 13} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio, and credit is given for the interim suspension imposed on January 8, 2010.

{¶ 14} Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., concurs in imposing an indefinite suspension but would not give credit for time served under the interim suspension.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Karen H. Osmond, for relator.

Donald R. Hicks, for respondent.

_____